## No. 16,805.

SAWYER ET AL. *v.* BLANCHARD.

(251 P. [2d] 434)

Decided December 8, 1952.

Messrs. McDOUGAL & KLINGSMITH, for plaintiffs in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are here in the same relative position as they originally appeared in the trial court. The designated defendant in error has made no appearance in this court. Sawyer and the General Auto and Truck Leasing Company and American Cab Co., Inc., doing business as Aero Cab, filed this action to recover damages from defendant Blanchard occasioned by an automobile collision on the night of April 1, 1950, near East 17th avenue and Trenton street in the City and County of Denver. Blanchard was alleged to have been negligent and judgments were prayed for in the sum of $825.00 damage to the car or cab Sawyer was driving, owned by the General Auto and Truck Leasing Company, and $500.00 as damage for personal injuries to Sawyer.

Blanchard answered, made counterclaim, and filed a third-party complaint, generally to the effect that the accident was caused by the negligence of Sawyer, the driver of the cab, and he prayed for judgment in the sum of $700.00 as damage to his car, loss of the use thereof, and also $700.00 for personal injuries. The third-party complaint was answered by a general denial with an allegation of contributory negligence against the third party plaintiff.

The case was submitted to a jury under instructions about which there can be no serious complaint, and the jury returned its verdict in favor of defendant Blanchard and against plaintiff Sawyer in the sum of $150.00, and in a separate verdict awarded defendant Blanchard the sum of $150.00 against the American Cab Company, doing business as Aero Cab.

Defendant Blanchard was driving east on East 17th avenue and Sawyer was driving the cab involved north on Trenton street, which intersects East 17th avenue. A collision occurred near the center of the intersection, resulting in considerable damage to both vehicles involved.

From a study of the record it is difficult to tell which car hit the other, and the evidence is not too

clear as to the negligence of either party. However, that question was resolved by the jury in defendant Blanchard's favor and this finding, we must, and do, respect; nevertheless, we make the observation that plaintiff in error's contention that the General Auto and Truck Leasing Company, the owner of the cab, was entitled to a judgment is not well taken. It was absolved of liability to Blanchard because it was not operating the car, however, it would not be entitled to a judgment unless Blanchard was found to be negligently liable; therefore the jury's verdict, which determined the negligence was on the part of the driver of the cab company vehicle, fully answers that question.

■ We determine that the judgment on the verdicts must be, and is, reversed, and the cause remanded with direction to set aside the verdicts and judgment thereon and enter judgment in Blanchard's favor for $150.00 against Sawyer and the American Cab Company, to which the cab had been leased, because there could be no separate liability on the part of the cab company as the liability is necessarily joint, due to the negligence of its driver.

■ We do not find any basis for the amounts of the verdicts, since there was no worthwhile dispute as to the damage to the automobile of defendant; however, all of that was for consideration by the jury, and its verdict being in this respect favorable to plaintiff, he has no ground, if liable, to complain. We consider it unnecessary to discuss other questions presented, or detail the evidence.

The judgment is reversed and the cause remanded with directions in accordance with the views above indicated.